## BROWN v. NORTH WESTERN R. R.

1. CARRIER OF FREIGHT is liable to consignee for value of goods at time of loss, at place of destination, and not for credit price on which he bought them.
2. IBID.—The common law rule as to value of freight lost by carrier is not changed by the statute of 1903, 81, providing penalty on carrier for failure or refusal to pay for loss or damage in certain time.

Before PURDY, J., Sumter, July, 1905. Affirmed.

Action by D. G. Brown against North Western R. R. Co. From order reversing judgment of magistrate court, plaintiff appeals.

*Mr. L. D. Jennings,* for appellant, cites: *As to the value of the flour:* Act 1903, 81.

*Messrs. Lee & Moise,* contra, cite: *Measure of damages at common law:* Hutch. on Car., 910; 5 Rich., 464; 26 S. C., 258; 39 S. C., 351; 13 Rich., 382; 11 Rich., 399; 4 McC., 156; 3 Rich., 191; 2 Spears, 271; 1 Bay., 273.

July 24, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The complaint of D. G. Brown against the N. W. R. R. Co. of South Carolina, sets forth that about January 20, 1905, the plaintiff, for hire, shipped by the defendant railroad a barrel of flour which was valued at $7.50. It was sent to Rembert, a small station on said defendant railroad in Sumter County, in this State, and that said barrel of flour was never delivered to plaintiff or any one for him. That due notice was given by the plaintiff to the defendant of said loss in the amount of $7.50, and also sought to recover $50 as the penalty under the act of the General Assembly of this State in the year 1903, page 81.

The answer of the defendant denied each and every allegation of the complaint except that of the incorporation of the defendant company, but claimed that the act of 1903 was null and void because unconstitutional.

The cause came on to be heard before H. Harby, Jr., Esq., as magistrate.

In the testimony offered by the plaintiff it was shown that the plaintiff had made an agreement with the Sumter Banking and Mercantile Co. whereby he was to purchase about $450 worth of merchandise during the year 1905, of them, on a credit until October, 1905. That this barrel of flour was purchased under such lien on credit at credit prices, to wit: the sum of $7.50.

When the defendant offered a witness to prove that there is a risk in the business of selling goods to farmers on time and when the witness, W. A. Bowman, was asked what was the cash value of that barrel at the time it was lost, such testimony was objected to on the ground of irrelevancy, magistrate ruling that both plaintiff and defendant were bound by the invoice price of the goods lost, which fixes the plaintiff's loss and not the value of the goods under any particular circumstances. The objection was sustained. Again, witness was asked: "If you had sold the barrel of flour in question for cash instead of on a credit payable next fall, what would have been the cash price on the day of the sale?" Upon objection, the answer to the question was refused. Again, the witness was asked: "Was price of $7.50 for the barrel of flour a greater price than if the sale had been made on that day for cash?" The answer to this question was refused by the magistrate. Again, this question was asked: "What would be the difference between the cash and credit prices on that day for that barrel of flour?" The answer was held by the Court to be irrelevant.

The defendant excepted to all these rulings of the Court.

A judgment was rendered by the magistrate for the plaintiff for $7.50 for the barrel of flour, together with the sum of $50, the penalty under the statute.

From this judgment the defendant appealed to the Circuit Court, alleging error in refusing to allow the testimony of the witness Bowman.

The following was the judgment rendered by his Honor, Judge Purdy, setting aside the verdict and remanding the case for a new trial:

"After hearing the exceptions and grounds of appeal and the entire record, and after hearing Messrs. Lee & Moise, for appellant, and Messrs. Jennings & Manning, for the respondent,

"It is adjudged that the magistrate erred in excluding testimony offered on behalf of the appellant as to the true and actual value in money of the alleged lost barrel of flour

at the time of such loss. and that he should have received the testimony as to such actual value in money at such time; the actual value of the alleged lost goods with interest being the true measure of the plaintiff's damages in case of a recovery.

"The defendant company is not bound by the invoice price of the barrel of flour, nor is it bound for the credit price of the same, sold upon a long credit under some special arrangement and agreement between the plaintiff and the Sumter Banking and Mercantile Co., from whom he is alleged to have purchased the same under an agricultural lien.

"It is therefore ordered, on motion of Lee & Moise, appellant's attorneys, that the judgment of the court of magistrate in said action be, and the same is hereby, reversed and set aside, and the cause remanded to said court for a new trial."

From this judgment the plaintiff now appeals upon the following grounds:

"Because his Honor, the presiding Judge, erred in adjudging as follows: 'It is adjudged that the magistrate erred in excluding testimony offered in behalf of the appellant as to the true and actual value, in money, of the alleged lost barrel of flour at the time of such loss, and that he should have received the testimony as to such actual value in money at such time, the actual value of the alleged lost goods with interest being the true measure of the plaintiff's damages in case of a recovery. The defendant company is not bound by the invoice price of the same sold upon a long credit price under some special arrangement and agreement between the plaintiff and the Sumter Banking and Mercantile Co., from whom he is alleged to have purchased the same under an agricultural lien.' Whereas, his Honor should have held that under the act of 1903, at page 81, the amount that the plaintiff was entitled to recover was the amount of his loss, and that such amount should not be measured by the market cash value of the article lost, but should be measured by the cost to him of the article lost; and, therefore, should have held that the magistrate was

correct in excluding testimony as to the cash value of the article at the time of its loss."

It seems to us that the magistrate erred when he refused to allow the witness to testify what the value of the barrel of flour was on the 20th of January, 1905. As is well said in Hutchinson on Carriers, page 910, "It is well settled that the measure of damages for the loss of goods by carrier, when it is liable for such loss, is generally the value of the goods at the destination to which he undertook to carry them, with interest on such value from the time when the goods should have been delivered." In *Shaw* v. *R. R.,* 5 Rich., 462, 464, it is held, "If the goods are wholly lost or destroyed, the owner is entitled to their full worth at the time of such loss or destruction."

In trover the measure of damages is the value of the goods at the time and place of the conversion with interest. In many other cases in this State the common law rule is well recognized that the recovery of the plaintiff for the loss of his goods by the carrier is limited to the value of the goods at the time the loss takes place.

The complaint in this case states that the value of these goods was $7.50. This was denied by the defendant in his answer. It is evident that the defendant sought to confine the plaintiff in his recovery to the actual value of the goods at the time of the loss. This he was prevented from doing by the ruling of the magistrate. The Circuit Judge but sought in his ruling to correct the mistake of the magistrate in this regard. This exception is overruled.

II. "Because his Honor erred in sustaining said appeal and in reversing the judgment of the magistrate and in holding that the magistrate erred in excluding testimony offered by the defendant as to the true and actual value in money of the lost barrel of flour at the time of such loss, in that the act of 1903, at page 81, fixes the loss in such cases as follows: 'In every case such common carrier shall be liable for the amount of such loss or damage, together with interest thereon from the date of the filing of

the claim therefor until the payment thereof.' Whereas, his Honor should have held that under said act the defendant was liable for the cost of the flour to the plaintiff (that being his loss), and should have held that the magistrate was correct in excluding testimony as to the cash value of the flour the day of the loss."

After a careful consideration of the effect of the statute of 1903, we find that the common law rule regulating the value of goods lost by common carrier is not changed, and should not be. This is a penal statute and should be strictly construed. *Best* v. *Seaboard etc. Co.,* 72 S. C., 483. This exception must be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.